IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS GLENN BYNUM,<br>  Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>  Respondent. | Civil No. 3:10-CV-510-D-BL<br><br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Thomas Glenn Bynum, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed on limitations grounds.

### I.

On September 19, 1997, Bynum pleaded guilty to sexual assault of a child and was sentenced to 20 years imprisonment. Bynum did not file an appeal, but did file an application for state writ of habeas corpus on August 26, 2009. The petition was denied without written order on the findings of the trial court. Thereafter, Bynum filed this petition under 28 U.S.C. § 2254.

### II.

In his petition, Bynum contends that: (1) he was denied his State right to appeal due to ineffective assistance of counsel; (2) the trial court lacked jurisdiction due to a procedural filing error; (3) the trial court failed to admonish him that he would be required to register as a sex offender for the rest of his life; (4) his guilty plea was involuntarily made; and (5) he was denied effective

assistance of counsel.

By order dated March 26, 2010, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Respondent addressed the limitations issue in his response and Petitioner has replied. The court now determines that this case is time-barred and should be summarily dismissed.

A.

Bynums's federal petition for writ of habeas corpus is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, Section 2254 proceedings are governed by a one year statute of limitations. *See* 28 U.S.C. § 2244(d). The statue provides that the limitations period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* The one-year limitations period is only subject to equitable tolling in "rare and exceptional

circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

The record does not indicate that any unconstitutional "State action" prevented Bynum from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Bynum's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Bynum has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his placement on community supervision became final. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, Bynum's limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Bynum was convicted on September 19, 1997, and did not appeal, making his conviction final on October 20, 1997, when his right to direct review expired.[1] Accordingly, the one year limitation period for filing a federal petition expired on October 20, 1998. Bynum's state writ application does not toll the limitations period because he filed it after his conviction was final. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Thus, Bynum's federal writ application is over 11 years late.

Finally, Bynum has not alleged any facts that could support a finding that equitable tolling

---

[1] The 30th day, October 19, 1997, was a Sunday, so his notice of appeal was due on Monday, October 20, 1997. *See* FED.R.CIV.P. 6(a).

applies. Generally, to establish entitlement to equitable tolling a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2009). Bynum waited nearly 12 years before filing his state writ application and he has not provided an explanation for his delay in filing the application. Although he claims that this matter is not "time barred because the cause of action arose on 02/17/2010" when the Texas Court of Criminal Appeals denied his application, this argument is nonsensical. The outcome of Bynum's 11 year late application in no respect provides a basis for excusing the late filing of the application. Consequently, Bynum has not demonstrated that he was diligent or that any extraordinary circumstance prevented him from timely filing, and he is not entitled to equitable tolling.

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, Bynum's petition for writ of habeas corpus should be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: 17 July 2012.

                                                                       _____
                                                                       **E. SCOTT FROST**
                                                                       **UNITED STATES MAGISTRATE JUDGE**